Turley, J.
delivered the opinion 'of the court.
This is a bill on the part of complainants, to recover from the defendants a negro man, named Michael. The following statement of facts shows the ground upon which the conflicting rights of the claimants rest.
On the 8 th day of October, 1827, the will of Robert Parrish was duly proved in the County Court of Williamson county, State of .Tennessee, and Matthew F. Parrish appointed the administrator, with the will annexed.
By the provisions of the will, all the property of the testator, after the payment of his just debts, was bequeathed to the complainants, the children of his brother Fountain Parrish. Matthew F. Parrish, the administrator, returned an inventory of the estate to the January term, 1828, of the Williamson County Court, in which, among other assets, is specified the negro man Michael the subject matter of this controversy. This negro the administrator, on the 28th day of April, 1828, sold and delivered to one Michael Doyle, for the sum of $450.' This sale was made by the administrator, without authority from either the Court of Chancery or the Circuit Court of the county. Doyle kept possession of the negro until his (Doyle’s) death, which event happened in January, 1843, and the defendants are the executor and executrix of his last will and testament,
*444 All the complainants were infants, under the age of 21 years on the 28th of April, 1828, and one of them, E. Parrish, was still so at the time of filing this bill.
Under this statement of facts, are the complainants entitled to recover?
By the act of 1827, ch. 61, sec. 1 and 2, it is provided, that no executor or administrator shall make sale of the slaves of his or their testator or intestate, without they be directed by the will of the testator so to do, unless upon petition or bill, filed for that purpose in the Circuit or Chancery Court of the county, such sale be ordered and directed, and all sales, made by executors or administrators, of slaves, contrary to the provisions of the act, are declared to be void. Consequently the sale of the negro in controversy from Matthew F. Parrish, administrator of Robert Parrish, made on the 28th day of April, 1828, conveyed no title to Michael Doyle, the testator of the defendants, and the complainants are entitled to the relief sought, unless their claim be barred by the statute of limitations. It is not argued that the devisees, under the will of Robert Parrish, are barred by reason of a neglect on their part to assert their rights within proper time, for some of them were under age at the time the bill was filed. But it is contended, that in as much as the sale is declared by the statute to be void, no right whatever passed thereby to the vendee, Doyle; and that the administrator of Robert Parrish might have commenced suit, notwithstanding the sale, against Doyle immediately to regain the possession of the negro; that, therefore, the statute of limitations commenced running in favor of Doyle the moment he took possession of the negro, and no suit having been brought within three years thereafter, he is protected by the statute of limitations.
To this reasoning, we cannot assent. The statute was passed for the protection of legatees and distributees, and to hold that an executor or administrator might, in violation of the provisions of the statute, sell the negroes of the estate, and make that sale good and valid, by a neglect to sue for their recovery within three years thereafter, would be utterly destructive of the statute, and render it inoperative and unavailable.
*445 But, furthermore, we do not think, that the administrator or executor could, in such case, set aside his own sale, and sue to recover the possession of the negro; and this, upon the well settled principle, that a man shall not be be permitted to set up his own illegal acts to vitiate his own contracts; in other words, we think that the executor or administrator would, in a suit against their vendee, be estopped from saying, that they had violated the statute in selling the négro; The consequence is, that the legatees or distributees may sue, and if they do so within time, will be permitted to recover:
We are, therefore, of opinion, that the complainants are entitled to the relief sought. Butin as much as the money paid by the testator of the defendants, was- in all probability expended in the payment of debts due from the estate of Robert Parrish, deceased, they are entitled to an account therefor, if it can be made to appear that it -was so expended.
The case will, therefore, be referred to the Clerk and Master for a report upon this point, and also for the purpose of ascertaining what is the reasonable hire of said negro during the lime he has been in the possession of the defendants and their testator; and if the amount of money paid as the price of the negro, with interest thereon, up to this time, shall exceed in amount the reasonable hire for the same time, the surplus shall be a charge upon the negro till the same is paid.